**LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER, California Bar No. 154759
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, California  90401
Telephone (310) 917-1083
Facsimile (310) 917-1001

**DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN, Texas Bar No. 24046827
csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone (214) 866-0077
Facsimile (214) 866-0070
(admitted pro hac vice)

Attorneys for Plaintiffs KEVIN BRUNSTON and ROSHANDA GUY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KEVIN BRUNSTON, an Individual, and His Wife, ROSHANDA GUY;<br><br>           Plaintiffs,<br><br>     vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER SCHERING PHARMA AG; BAYER HEALTHCARE LLC; CARDINAL HEALTH, INC.; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No. 5:13-cv-01904-FMO (DTB)<br><br>**PLAINTIFFS' MOTION TO EXTEND TIME TO SERVE DEFENDANT BAYER SCHERING PHARMA AG**<br><br>The Honorable Fernando M. Olguin<br><br>The Honorable David T. Bristow, Magistrate<br><br>Complaint Filed:  September 5, 2013 |

Plaintiffs KEVIN BRUNSTON and ROSHANDA GUY ("Plaintiffs") file their Motion for Extension of Time to Serve BAYER SCHERING PHARMA AG (BAYER SCHERING):

### Request for Extension of Time

1. On November 27, 2013, this Court entered its Scheduling and Case Management Order (Dkt. No. 18). Therein, the Court identified February 3, 2014 as the date on which Doe Defendants and Defendants who have not been served with process would be dismissed from the case.

2. Plaintiffs request that the Court grant an extension of ninety (90) days for service of process on Defendant Bayer Schering, a German corporation, because service is not yet complete as to that Defendant and Fed. R. Civ. P. 4(m) does not apply to service on foreign corporations. *See* Fed. R. Civ. P. 4(m) (120-day deadline does not apply to service in foreign county under Rule 4(f)); Fed. R. Civ. P. 4(h)(2) (foreign corporations are to be served under Rule 4(f)); *Lucas v. Natoli*, 936 F. 2d 432, 432-33 (9th Cir. 1991) ("We agree with the district court that the plain language of Rule 4(j) makes the 120–day service provision inapplicable to service in a foreign country, and so hold"); *Po-Hai Tang v. CS Clean Systems AG*, 2011 WL 3235751, at *1-2 (S.D. Cal. 2011) ("Plaintiff is not bound by Rule 4(m) to accomplish service within 120 days of filing the complaint" because "Defendant is a foreign corporation headquartered in Germany."); *Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 387-88 (N.D. Cal. 2012) ("The plain language of Rule 4(m) clearly exempts service in a foreign country.").

3. Plaintiffs have been diligent in their efforts to serve Bayer Schering. *Cf. Rudolph v. UT Starcom*, 2009 WL 248370, *3 (N.D. Cal. 2009) (plaintiff not required to actually attempt service in a foreign country within 120 days). Specifically, on October 17, 2013, Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, and Bayer Healthcare LLC filed their answer in this case. (Dkt. No. 2 at Ex. A.) On October 28, 2013, counsel for Plaintiffs inquired as to whether counsel for those answering Defendants would accept service for Bayer Schering. (**Exhibit A**, Declaration of Connor G. Sheehan, at ¶ 5.) Counsel for the answering Defendants advised he was not authorized to accept service for

**Plaintiffs' Motion to Extend Time** 2

Bayer Schering.[1] (*Id.*) As a result, Plaintiffs were required to serve Bayer Schering through the Hague Convention. (*Id.* at ¶ 6.)

4. In November of 2013, Plaintiffs retained a certified translation company to translate Plaintiffs' Complaint and related documents (to the tune of several thousand dollars). (*Id.* at ¶¶ 6-7.) On December 9, 2013, Plaintiffs delivered their translated Complaint to Higher Regional Court of Düsseldorf as the Central Authority designated by Germany under the Hague Convention for receiving service requests in the region in which Bayer Schering is located. (*Id.* at ¶ 8.)

5. Since that time, Plaintiffs' counsel have had multiple conversations with the Higher Regional Court of Düsseldorf regarding service. (*Id.* at ¶ 9.) Plaintiffs have also retained a certified translator to assist with the service process on Bayer Schering. (*Id.*)

6. Plaintiffs believe that service will be completed in the next ninety (90) days.

7. On January 29, 2014, plaintiff's counsel emailed Bayer's counsel Tom Cullen and asked him if he would stipulate to or voice his non-opposition to this motion and, counsel was provided with a copy of the *Lucas* case. Plaintiff's counsel then had a call with Mr. Cullen, who would not take a position on this motion; he would not state that he was opposed but would not say that he did not oppose this request for extension.

8. In the meantime, Plaintiffs have served Bayer Schering through its General Manager and Subsidiary Bayer Corporation on March 18, 2014 (Dkt. No. 32) under established Central District case law permitting service on foreign corporations through their domestic subsidiaries.

### Request for Relief

Given the complexities associated with service on foreign defendant Bayer Schering and the inapplicability of Fed. R. Civ. P. 4(m) to service on foreign defendants, Plaintiffs

---

[1] Plaintiffs believe that counsel for the answering Defendants will be also be counsel of record for Bayer Schering after it is served.

**Plaintiffs' Motion to Extend Time** 3

respectfully request an additional ninety (90) days to serve Bayer Schering and respectfully reserve their right to seek an additional extension of time to serve this foreign defendant if service is not completed in the next 90 days.

Plaintiffs do not oppose dismissal without prejudice of the Doe Defendants or Cardinal Health, Inc.

DATED: April 7, 2014

/s/ Connor Sheehan
**DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN
csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone: (214) 866-0077
Facsimile: (214) 866-0070

**LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, California 90401
Telephone: (310) 917-1083
Facsimile: (310) 917-1001

**ATTORNEYS FOR PLAINTIFFS
KEVIN BRUNSTON AND ROSHANDA GUY**

**Plaintiffs' Motion to Extend Time** 4

# PROOF OF SERVICE

I, Brandy Williams, declare as follows:

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 100 Wilshire Boulevard, Suite 940, Santa Monica, California 90401, in said County and State. On April 8, 2014, I served the following document(s):

**MOTION FOR EXTENSION OF TIME TO SERVE BAYER SCHERING, DECLARATION OF CONNOR SHEEHAN, [PROPOSED] ORDER**

on the parties stated below, by the following means of service:

Thomas J. Cullen, Jr., Esq.
Kali A. Enyeart, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Michael C. Zellers, Esq.
Joshua J. Wes, Esq.
Tucker Ellis LLP
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223

☑ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Santa Monica, California.

☑ **BY ELECTRONICALLY VIA ECF**: I served the above-entitled document electronically through the United States District Court's ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

☐ **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier, all fees prepaid, and addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope or package for collection and overnight delivery at an office or regularly utilized dropbox of the overnight delivery company.

☑ I am employed in the office of Wayne S. Kreger, a member of the bar of this court, and that the foregoing document(s) was (were) printed on recycled paper.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑ (FEDERAL) I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 8, 2014

_____
BRANDY WILLIAMS