1 | **LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER, California Bar No. 154759
2 | wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
3 | Santa Monica, California  90401
Telephone (310) 917-1083
4 | Facsimile (310) 917-1001

5 | **DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN, Texas Bar No. 24046827
6 | csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
7 | Dallas, Texas 75204
Telephone (214) 866-0077
8 | Facsimile (214) 866-0070
(admitted pro hac vice)
9 |
10 | Attorneys for Plaintiffs KEVIN BRUNSTON and ROSHANDA GUY

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13 | KEVIN BRUNSTON, an Individual, and His ) Case No. 5:13-cv-01904-FMO (DTB)
Wife, ROSHANDA GUY; )
14 | ) **PLAINTIFF'S NOTICE OF MOTION AND**
Plaintiffs, ) **MOTION FOR SERVICE ON**
15 | ) **DEFENDANT BAYER PHARMA AG**
vs. ) **F/K/A BAYER SCHERING PHARMA AG**
16 | ) **AND, ALTERNATIVELY, REQUEST FOR**
BAYER HEALTHCARE ) **ALTERNATE SERVICE AND MOTION**
17 | PHARMACEUTICALS, INC.; BAYER ) **FOR EXTENSION OF TIME;**
CORPORATION; BAYER SCHERING ) **DECLARTIONS OF CONNOR SHEEHAN,**
18 | PHARMA AG; BAYER HEALTHCARE LLC; ) **ESQ. AND NELSON TUCKER;**
CARDINAL HEALTH, INC.; and DOES 1 ) **APPENDICES OF EXHIBITS;**
19 | through 100, inclusive, ) **MEMORANDA OF LAW; PROPOSED**
) **ORDER**
Defendants. )
20 | ) **DATE: JULY 24, 2014**
) **TIME:  10:00 A.M.**
21 | ) **ROOM: 22**
22 | ) **FACT DISCOVERY CUTOFF: SEPTEMBER**
) **2, 2014**
23 | )
) **PRETRIAL CONFERENCE: NOVEMBER**
24 | ) **21, 2014**
25 | ) **TRIAL: DECEMBER 16, 2014**
26 | ) The Honorable Fernando M. Olguin
27 | ) The Honorable David T. Bristow,
) Magistrate
28 | ) Complaint Filed: September 5, 2013
)

NOTICE IS HEREBY GIVEN that on July 24, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 22 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Plaintiff Kevin Brunston ("Plaintiff") will and does move for an Order for Service on Bayer Pharma AG f/k/a Bayer Schering Pharma AG and, alternatively, Order for alternate service and extension of time to serve Plaintiff's Complaint through Court-Ordered alternate service on legal counsel.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on or about March 25, 2014 as well as further evidenced by the parties' subsequent briefing on Defendant Bayer Schering Pharma AG's Motion to Dismiss.

This Motion is filed pursuant to Federal Rules of Civil Procedure 4 and 7. This Motion will be and is based on this Notice and Motion, the attached Memorandum of Points and Authorities, the Declarations of Connor Sheehan, Esq. and Nelson Tucker, the appendices of exhibits, the proposed order, the pleadings, records and files herein and on such other evidence or argument that may be presented at the hearing of the Motion.

DATED:  June 25, 2014

/s/ Connor Sheehan
**DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN
csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone: (214) 866-0077
Facsimile: (214) 866-0070

**LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, California  90401
Telephone: (310) 917-1083
Facsimile: (310) 917-1001

**ATTORNEYS FOR PLAINTIFF**

**LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER, California Bar No. 154759
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, California  90401
Telephone (310) 917-1083
Facsimile (310) 917-1001

**DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN, Texas Bar No. 24046827
csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone (214) 866-0077
Facsimile (214) 866-0070
(admitted pro hac vice)

Attorneys for Plaintiff KEVIN BRUNSTON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| KEVIN BRUNSTON, an Individual, and His Wife, ROSHANDA GUY;<br><br>               Plaintiffs,<br><br>     vs.<br><br>BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER SCHERING PHARMA AG; BAYER HEALTHCARE LLC; CARDINAL HEALTH, INC.; and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No. 5:13-cv-01904-FMO (DTB)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE AND MOTION FOR EXTENSION OF TIME**<br><br>The Honorable Fernando M. Olguin<br><br>The Honorable David T. Bristow, Magistrate<br><br>Complaint Filed:  September 5, 2013 |

DATED:  June 25, 2014

/s/ Connor G. Sheehan
**DUNN SHEEHAN LLP**
CONNOR G. SHEEHAN
csheehan@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Telephone: (214) 866-0077
Facsimile: (214) 866-0070

**LAW OFFICES OF WAYNE S. KREGER, PA**
WAYNE S. KREGER
wayne@kregerlaw.com
100 Wilshire Boulevard, Suite 940
Santa Monica, California  90401
Telephone: (310) 917-1083
Facsimile: (310) 917-1001

**ATTORNEYS FOR PLAINTIFF**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................ 6

II.   FACTUAL BACKGROUND ........................................................................ 7

  A.   Background Prior to the Court's April 28, 2014 Order ......................... 7

  B.   Background Following the Court's April 28, 2014 Order ..................... 9

III.   DISCUSSION ......................................................................................... 12

  A.   Bayer Corporation is Bayer Pharma's General Manager for Service of Process ................ 12

    1.   Defendants' overlapping corporate structure and joint representation. ...................... 133

    2.   The Parties' business arrangement provides Bayer Pharma with substantially the business advantages it would enjoy if it conducted its U.S. business through its own offices and agents. ........................................................................................ 155

  B.   Alternate Service on Defendants' Counsel and Request for Extension of Time................. 19

    1.   The particularities and necessities of the case require alternative service. ................... 20

    2.   Service is not prohibited by international agreement. ................................... 22

    3.   The proposed service comports with due process........................................ 23

IV.   REQUEST FOR RELIEF .......................................................................... 24

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

**APPENDIX**

| Ex. No. | Title |
|---|---|
| 1 | Docket Report of Cases Filed by Bayer Pharma AG f/k/a Bayer Schering Pharma AG |
| 2 | April 28, 2014 Court Order Denying Motion to Dismiss Without Prejudice |
| 3 | Declaration of Connor G. Sheehan (April 7, 2014) |
| 4 | Declaration of Connor G. Sheehan (June 25, 2014) |
| 5 | Declaration of Nelson Tucker (June 25, 2014) |
| 6 | Return of Service on Bayer Pharma AG f/k/a Bayer Schering Pharma AG |
| 7 | May 6, 2014 Email from Connor Sheehan Requesting Deposition Dates |
| 8 | Plaintiff's Request for Production of Documents to Bayer Pharma AG f/k/a Bayer Schering Pharma AG |
| 9 | May 8-12, 2014 Correspondence Regarding Deposition Dates |
| 10 | Plaintiff's Notice of Deposition of  Bayer Pharma AG f/k/a Bayer Schering Pharma AG's Person(s) Most Qualified Pursuant to Rule 30(B)(6) |
| 11 | Bayer Pharma AG f/k/a Bayer Schering Pharma AG's Objections to  Plaintiff's Notice of Deposition of  Bayer Pharma AG f/k/a Bayer Schering Pharma AG's Person(s) Most Qualified Pursuant to Rule 30(B)(6) |
| 12 | June 11, 2014 Email Identifying Keith Abrams as Deposition Witness |
| 13 | Summary Chart of Keith Abrams' Deposition Testimony & Full Deposition Transcript |
| 14 | June 16, 2014 Letter from Plaintiff's Counsel Regarding  Bayer Pharma AG f/k/a Bayer Schering Pharma AG's Lack of Response to Requests for Production |
| 15 | Bayer Pharma AG f/k/a Bayer Schering Pharma AG's Response to Plaintiff's Request for Production |
| 16 | April 6, 2014 Printout from Defendants' international Avelox website |
| 17 | May 16, 2014 Court Order Granting in Part Plaintiff's Motion to Compel |
| 18 | June 17, 2014 Letter from Defendants' Counsel Regarding Document Production |
| 19 | June 18, 2014 Letter from Plaintiff's Counsel Regarding Deficient Document Production |
| 20 | Keith Abrams' Certifications of Defendants' Interrogatory Responses |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

**4**

TABLE OF AUTHORITIES

**Cases**

*Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094 (N.D. Cal. 2009) ................................. 22

*Brighton Collectibles, Inc. v. Winston Brands*, 2013 WL 394060 (S.D. Cal. Jan. 30, 2013)............. 17

*Brown v. China Integrated Energy, Inc.,* No. 11–2559-MMM (PLAx), 2012 WL 2913537 (C.D. Cal. July 17, 2012)......................................................................................... 19, 22, 23

*Cosper v. Smith and Wesson Arms Co.*, 53 Cal. 2d 77 (Cal. 1959).............................................. 12, 18

*Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511, 2013 WL 5142362 (C.D. Cal. Sept. 12, 2013) ............ 23

*General Atomic Co. v. Exxon Nuclear Co., Inc.*, 90 F.R.D. 290 (S.D. Cal. 1981) ............................ 20

*Gray v. Mazda Motor of America*, 560 F. Supp. 2d 928 (C.D. Cal. 2008)......................................... 17

*Guifu Li v. A Perfect Day Franchise, Inc.,* 281 F.R.D. 373 (N.D. Cal. 2012).............................. 20, 23

*Halo 8 II Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL 2605195 (N.D. Cal. June 28, 2010)....................... 18

*In re China Educ. Alliance, Inc. Sec. Litig.,* No. 10–9239-CAS (JCx), 2011 WL 6846214 (C.D. Cal. Dec. 29, 2011)............................................................................................. 23

*In re LDK Solar Sec. Litig.*, No. C 07-05182, 2008 WL 2415186 (N.D. Cal. June 12, 2008)........... 23

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)......... 20

*Khachatryan v. Toyota Motor Sales, U.S.A., Inc.* 578 F. Supp. 2d 1224 (C.D. Cal. 2008)............... 17

*Lucas v. Natoli*, 936 F. 2d 432 (9th Cir. 1991) .................................................................................. 8

*Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950)................................................. 22

*Pathak v. Omaha Steaks International, Inc.*, 2011 WL 1152656 (C.D. Cal. 2011) ............................ 8

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007 (9th Cir. 2002)................................. 18, 19

*Rockwall Automation, Inc. v. Kontron Modular Computers*, 2012 WL 5197934 (S.D. Cal. Oct. 19, 2012) ................................................................................................... 17

*Rose v. Deer Consumer Prods, Inc.*, No. CV 11–03701 DMG (MRWx)*,* 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) ...................................................................................... 23

*Troll Busters LLC v. Roche Diagnostics GmbH,* 2011 WL 3859721 (S.D. Cal. Aug. 31, 2011) ...... 17

*Vanleeuwen v. Keyuan Petrochemicals, Inc*., 2012 WL 5992134 (C.D. Cal. Nov. 30, 2012) ..... 19, 22

*Volkswagenwerk v. Schlunk*, 486 U.S. 694 (1988) ......................................................................... 22

*Yamaha Motor Co., Ltd. v. Superior Court*, 174 Cal. App. 4th 264 (Cal. App. 4 Dist. 2009)........... 18

**Statutes**

CAL. CODE OF CIV. P. 416.10.............................................................................................. 22

FED. R. CIV. P. 37(b)............................................................................................................ 20

FED. R. CIV. P. 4(e) .............................................................................................................. 22

FED. R. CIV. P. 4(f) ............................................................................................................... 18

---

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

I.    **INTRODUCTION**

Defendant Bayer Schering Pharma AG n/k/a Bayer Pharma AG ("Bayer Pharma")[1] is the German company that developed and manufactures Avelox, the drug that caused the permanent and catastrophic injuries to Plaintiff Kevin Brunston from which this action arises.  Bayer Pharma sells Avelox in California and across the United States through its affiliated U.S.-based Bayer defendants, continuously and systematically conducts business in the U.S., and routinely invokes the U.S. court system for its own benefit, having been a Plaintiff in over 40 U.S. lawsuits in the last five years alone.[2] According to the U.S.-based Defendants, Bayer Pharma exclusively possesses and controls much of the critical information about Avelox – information its affiliates claim they cannot access for purposes of discovery in this case.

On April 28, 2014, this Court denied Bayer Pharma's motion to dismiss under Rule 12(b)5 and granted Plaintiff a 60-day extension through June 28, 2014 to serve Bayer Pharma with process either abroad or in the United States.   Ex. 2.   The Court granted Plaintiff leave to conduct jurisdictional discovery and cautioned Bayer Pharma – and the attorneys that it shares with its affiliated U.S.-based Bayer defendants – against evading service.  *Id.*  Defendants did not take the Court's advice.  Rather, they have done everything in their power to obstruct Plaintiff's efforts to develop jurisdictional facts through discovery and keep Bayer Pharma and the critical information in its files beyond the reach of this Court by virtue of form over substance.

Notwithstanding the artificial barriers thrown up by Defendants, Plaintiff has elicited sufficient evidence to establish that Bayer Corporation is the "general manager" of Bayer Pharma for the purpose of service of process.  Should the Court find otherwise, Plaintiff requests an order

---

[1] As discussed at p. 11 below, Defendants disclosed for the first time at the recent Bayer Schering Pharma AG FED. R. CIV. P. 30(b)(6) deposition on service issues that Bayer Schering Pharma AG dropped the "Schering" from its name in July 2011. The name change was effected to streamline focus on the Bayer brand name; the company's officers and personnel did not change, nor did the company's business purpose.

[2] Ex. 1, Pacer listing of lawsuits.  It is ironic that this defendant repeatedly comes to the United States to sue United States residents, yet obstructs Plaintiff's jurisdictional discovery efforts (despite this Court's Order) and contends that it should not be subject to service in the United States.  This defendant should not reap the benefit of its jurisdictional gamesmanship.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

1  permitting alternate service on Bayer Pharma through the common legal counsel it shares with the

2  affiliated U.S.-based Bayer Defendants – service which is more than reasonably calculated to give

3  Bayer Pharma notice of this suit.  Plaintiff further requests a reasonable extension of the current

4  June 28, 2014 service deadline to provide Plaintiff adequate time to effect service on Bayer Pharma

5  in any manner the Court deems appropriate.

6  **II.    FACTUAL BACKGROUND**

7  **A.    Background Prior to the Court's April 28, 2014 Order**

8  On September 5, 2013, Plaintiff filed his Complaint against Defendants in California state

9  court.   By October 18, 2013, Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer

10  Corporation, and Bayer Healthcare LLC (the "Answering Bayer Defendants") were served with

11  process and removed the case to this Court.

12  On October 28, 2013, Plaintiff's counsel asked the Answering Bayer Defendants' counsel to

13  accept service on behalf of the German defendant.

14  After conferring with his clients, defense counsel advised that he was not authorized to

15  accept service.

16  Plaintiff subsequently initiated the process to serve Bayer Pharma through the methods

17  prescribed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

18  in Civil or Commercial Matters (November 15, 1965) (the "Hague Convention").

19  By November 15, 2013, Plaintiff had completed the required forms to request international

20  service under the Hague Convention, and located and retained a certified translation firm to

21  translate, on an expedited basis, ninety-three pages of service documents into German, at

22  significant cost.  Dkt. No. 38, ex. A; *see also*, Exs. 3-4, declarations of C. Sheehan (identifying service

23  and translation costs).  Those documents, along with the translated copies and certification of

24  translation, were mailed to the Higher Regional Court of Dusseldorf, the Central Authority

25  designated by Germany under the Hague Convention for receiving service requests in the region in

26

27  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

28

7

1   which Bayer Pharma is located (the "Higher Regional Court") by December 6, 2013.  The Higher

2   Regional Court received the documents on December 23, 2013.

3          Between January 2013 and April 28, 2014, Plaintiff's counsel contacted the Higher Regional

4   Court multiple times in an effort to facilitate service through the Hague Convention.  *See* Dkt. No.

5   38, Motion for Extension of Time to Serve Bayer Pharma; Exs. 3-4, declarations of C. Sheehan

6   regarding service efforts and costs; Ex. 5, declaration of Plaintiff's international process server

7   regarding service efforts.

8          Due to the delays associated with service through the Hague Convention,[3] Plaintiff

9   subsequently analyzed alternative methods of service on Bayer Pharma, one of which was service

10  through Bayer Pharma's "general manager" under California law, Defendant Bayer Corporation.

11         On March 12, 2014, Plaintiff served citation for Bayer Pharma on Bayer Corporation's

12  registered agent for service of process, Corporation Services Company.  Dkt. No. 32; Ex. 6.

13         On March 25, 2014, the Answering Bayer Defendants' counsel of record notified Plaintiff's

14  counsel that the same counsel would likewise represent Bayer Pharma with respect to its

15  forthcoming motion to dismiss for an alleged lack of proper service.

16         On April 2, 2014, Bayer Pharma moved to dismiss the Complaint pursuant to Fed. R. Civ. P.

17  12(b)(5),[4] contending that Bayer Corporation was not the general manager of Bayer Pharma, and

18  attaching thereto the carefully crafted declaration of Bayer Corporation employee Keith Abrams.

19  Dkt. Nos. 35-36.

20

21  ───────────────────
    [3] Plaintiff has not ceased his attempts to serve Bayer Pharma through the Hague Convention.  *See* Exs. 3-5, declarations

22  describing Plaintiff's ongoing service efforts and costs thereof.  When a defendant must be served in a foreign
    country, the 120-day service deadline does not apply, and a defendant cannot be dismissed from a case for failure to

23  be served so long as the plaintiff exercises due diligence in serving the defendant.  *Lucas v. Natoli*, 936 F. 2d 432, 432-
    33 (9th Cir. 1991) ("We agree with the district court that the plain language of Rule 4(j) makes the 120-day service

24  provision inapplicable to service in a foreign country, and so hold").  Where there is a curable defect in service, courts
    generally quash service with leave to re-serve.  *See Pathak v. Omaha Steaks International, Inc.*, 2011 WL 1152656 (C.D.

25  Cal. 2011).

26  [4] Bayer Pharma did not move to dismiss for lack of personal jurisdiction, nor can it given it sends billions of dollars of its
    drugs into the United States and has filed in excess of 40 lawsuits in the United States as a plaintiff.  *See* Ex. 1.

27  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR**
    **SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG**

28  **AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

On April 10, 2014, Plaintiff filed his Response to Bayer Pharma's Motion to Dismiss.  Dkt. No. 39.

**B.     Background Following the Court's April 28, 2014 Order**

On April 28, 2014, this Court denied Bayer Pharma's Motion to Dismiss without prejudice and granted Plaintiff additional time, until June 28, 2014, to serve Bayer Pharma "either abroad or in the United States."  Ex. 2 at pp. 2-3.

Therein the Court cautioned Bayer Pharma against evading service, stating:

> …given that Bayer Schering and the U.S.-based Bayer defendants are represented by the same attorneys, (see Motion to Dismiss & Answer), and that Bayer Schering and Bayer Corporation are corporate affiliates (see Opposition, Exhs. 3-4), the court is troubled by Bayer Schering's unwillingness to accept service.  Any efforts by Bayer Schering to evade service may result in sanctions and/or the costs of service being shifted among the parties.

*Id.* at p. 3.   The Court further ruled that "the parties are free to conduct discovery, including jurisdictional discovery, irrespective of whether any motions to dismiss are filed and/or pending." *Id.*

Following the Court's guidance, Plaintiff i) on May 6, 2014, requested deposition dates for a corporate representative of Bayer Pharma on the service issues raised in Defendant's Motion  to Dismiss (Ex. 7), and ii) served written discovery on Bayer Pharma that was squarely aimed at the service dispute before the Court.[5]  *See* Ex 8.

---

[5] Plaintiff has been diligent in his efforts to serve Bayer Pharma.  Plaintiff has endeavored to present this brief to the Court without delay.  He requested deposition dates and served discovery shortly after this Court's April 28, 2014 Order, deposed Mr. Abrams on the first date offered by Defendants and requested an expedited copy of the deposition transcript in order to present the instant issues to the Court in advance of the June 28, 2014 deadline.  In addition to the attorney time incurred by Plaintiff's counsel, Plaintiff has spent in excess of $5,000 on a translation of the Complaint into German and the retention of an experienced third party vendor to assist with service through the Hague Convention.  Exs. 3-4, declarations of C. Sheehan.  Further, Plaintiff incurred over $2,500 in travel and deposition related costs associated with the deposition of Bayer Pharma (in reality, a Bayer Corporation witness with no authority to appear on behalf of Bayer Pharma and who lacked knowledge of several critical discovery topics relating to the issues before the Court, as explained below).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

9

Defendants initially refused to provide depositions dates for the Bayer Pharma representative deposition. Ex. 9. Given Defendants' refusal to provide deposition dates, Plaintiff unilaterally noticed the deposition for May 27, 2014. Ex. 10.

After the notice was served, Defendants' counsel eventually consented to produce a witness in response to the Bayer Pharma deposition notice. Plaintiff accepted the first available date offered for the deposition (June 12, 2014), which took place in Pittsburgh where Bayer's U.S. operations (including Bayer Corporation) are headquartered.

On June 4, 2014, Defendants' common legal counsel objected to the deposition notice on behalf of Bayer Pharma. Ex. 11.

Rather than present a Bayer Pharma representative for deposition[6], Defendants presented a **Bayer Corporation representative** who had no authority from Bayer Pharma to appear at deposition or testify on its behalf, did not contact any Bayer Pharma employees to gather information responsive to the noticed topics, and did not adequately prepare on several of the noticed topics. Ex. 13, summary chart of deposition testimony with full transcript attached, at pg. 4-6 (Abrams Depo., 4:13-14, 5:22 – 6:12, 6:20-25, 9:19 – 10:9, 10:22 – 11:15, 98:3-8, 98:19 – 99:11, 100:20 – 104:2); *see also* pp. 20-22, below.

Further, Defendants failed to timely respond to the written requests for production that Plaintiff served on Bayer Pharma, each of which was directed at service-related issues. Ex. 8, RFPs dated May 13, 2014, response due June 12, 2014. Defendants' counsel acknowledged receipt of the Bayer Pharma requests for production at deposition, yet contended that the requests "haven't been served yet because the Defendant hasn't been served." Ex. 13 at p. 6 (Abrams Depo., 89:21 – 90:19).

On June 16, 2014, Plaintiff served a letter requesting an update on the delinquent requests to which no response was received. Ex. 14.

---

[6] The identity of the FED. R. CIV. P. 30(b)(6) deponent was not disclosed until the day before the deposition took place in Pittsburgh. Ex. 12.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

On June 24, 2014, Bayer Pharma served (waived) boilerplate objections to all of the requests and refused to produce any of the requested information other than Mr. Abrams' declaration, which was previously produced as an attachment to Defendant's Motion to Dismiss. Ex. 15.

At Abrams' June 12, 2014 deposition, Defendants disclosed (for the first time) that in July of 2011, the entity known as Bayer Schering Pharma AG changed its name to Bayer Pharma AG. Ex. 13 at p. 7 (Abrams Depo., 23:2-16, 31:7 – 32:20). Bayer Schering Pharma AG "dropped the word Schering from its name and began to be known as Bayer Pharma AG … to focus on the Bayer brand and to lessen the focus on the historic Schering brand." *Id.* According to Abrams, the move was "only a name change" and there was no a corporate shakeup or change in business purpose. *Id.* To add to the confusion, Defendants are still using the name "Bayer Schering Pharma" for international promotional materials for Avelox. *See* Ex. 16, *April 2014* printout from Avelox/Bayer website.

As of the date of the filing of this brief, three days before Plaintiff's extended deadline to serve Bayer Pharma with process, no documents (other than the previously produced Abrams declaration) have been received in response to the jurisdictional discovery requests and Defendants have not offered any excuse for their failure to timely or substantially respond.

Thus, as of the date of this filing, the sum total of Defendants' response to Plaintiff's efforts to conduct jurisdictional discovery has been to present through common counsel an unauthorized Bayer Corporation employee to provide unprepared testimony about Bayer Pharma. Defendants' failure to abide by this Court's instructions regarding jurisdictional discovery and evasion of service is not an isolated incident. Instead, Defendants have obstructed Plaintiff's discovery efforts at every turn.[7]

---

[7] *See* Dkt. Nos. 42, 56, motions to compel. On May 16, 2014, Judge Bristow granted Plaintiff's first motion to compel and ordered Defendants to produce within 30 days a broad range of information and documents regarding Avelox that Defendants improperly withheld for approximately six months, including data relating to labeling, safety, and adverse events in countries within the European Union for the relevant time period of 1999 to present. Ex. 17. Despite the expiration of the 30-day production deadline, Defendants' document production remains "substantially" incomplete.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

# III. DISCUSSION

## A. Bayer Corporation is Bayer Pharma's General Manager for Service of Process

Despite Defendants' failure to present a Bayer Pharma corporate representative for deposition and election to disregard Plaintiff's written jurisdictional discovery, Plaintiff has elicited sufficient evidence to establish that Bayer Corporation is the general manager of Bayer Pharma for the purpose of service of process.  Courts consider two issues when analyzing the effectiveness of service on a foreign defendant through a domestic general manager: one, if the domestic affiliate of the foreign defendant (Bayer Corporation) is a related entity "of sufficient character and rank to make it reasonably certain that (the foreign defendant, here Bayer Pharma) will be apprised of the service made."  *Cosper v. Smith and Wesson Arms Co.*, 53 Cal. 2d 77, 83 (Cal. 1959).  Two, if the arrangement between the two entities provides the foreign defendant with "substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents." *Id*. at 84.

Bayer Corporation is "of sufficient character to . . . apprise [Bayer Pharma] of the service made" because i) there is an overlap in the parties' corporate structure and ii) of the joint approach to litigation in this case, including the retention of identical lead and local counsel as well as Defendants' designation of a Bayer Corporation employee to testify on behalf of Bayer Pharma. Additionally, Bayer Corporation's oversight role with respect to the U.S. distribution, sale and management of Bayer Pharma's pharmaceutical products provides Bayer Pharma with "substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents."

---

Ex. 18, correspondence from defense counsel noting that "substantial" part of Defendants' production is outstanding, to be produced "next week," and "[t]he remaining documents will follow thereafter"; Ex. 19, Plaintiff's response letter. Defendants' failure to produce the Court Ordered records will – for a second time – impact Plaintiff's ability to prepare for upcoming depositions and get his case trial-ready.  Defendants' failure to abide by Judge Bristow's Order has been raised with the Magistrate and is set for near term hearing.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

1. **Defendants' overlapping corporate structure and joint representation.**

All four Bayer Defendants (Bayer Corporation, Bayer Pharma, Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC) share common ownership by Bayer AG (in Abrams' words, "the ultimate parent of the companies."). Ex. 13 at p. 2 (Abrams Depo., 73, 80-82). More specifically:

- Bayer Corporation, through Bayer World Investments B.V., is a wholly owned subsidiary of Bayer AG. Ex. 13 at p. 2 (Abram Depo., 73:16-23, 80:22 – 81:15).[8]

- Bayer Pharma is likewise a wholly owned subsidiary of Bayer AG. Ex. 13 at p. 2 (Abram Depo., 80:24 – 81:12).[9]

- Bayer Healthcare LLC is a wholly owned subsidiary of Bayer Corporation. Ex. 13 at p. 2 (Abram Depo., 80:24 – 81:5, 82:16-18).[10]

- Bayer Healthcare Pharmaceuticals, Inc., through Bayer Healthcare LLC and its subsidiary Schering Berlin, Inc., is a wholly owned subsidiary of Bayer Corporation. Ex. 13 at p. 2 (Abram Depo., 80:24 – 81:15, 82:9-18).[11]

- Both Bayer Corporation and Bayer Pharma conduct business under the Bayer brand name.[12]

- Both Bayer Corporation and Bayer Schering operate under the www.bayer.com website.

Further, Bayer Pharma shares the same lead and local counsel in this lawsuit with Bayer Corporation, as well as Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC. Defendants' collective counsel filed the Motion to Dismiss on behalf of Bayer Pharma and objected

---

[8] *See also* Dkt. No. 3, Defendants' corporate disclosures.

[9] *See also* Dkt. No. 39 at ex. 4, pp. 3-4 (history of Bayer Healthcare Pharmaceuticals, including Bayer AG's public takeover and eventual minority squeeze-out of Schering AG to become Bayer Schering) and ex. 5, pp. 16-19 (Names | Figures | Facts, describing the pharmaceuticals "division" of Bayer Healthcare, a "subgroup" of Bayer AG).

[10] *See also* Dkt. No. 3, Defendants' corporate disclosures.

[11] *See also* Dkt. No. 3, Defendants' corporate disclosures.

[12] *See* Dkt. No. 39 at ex. 9 (Bayer Annual Report 2010, stating: "The Bayer Cross enjoys a very good reputation internationally.... We plan to steadily reduce the number of brands used by Bayer Group companies in the future.... For example, the pharmaceuticals business will in future be conducted under the 'Bayer Healthcare Pharmaceuticals' brand instead of 'Bayer Schering Pharma'").

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

to the notice of deposition of "the person(s) designated by Defendant Bayer Schering Pharma AG ... as the person(s) most qualified concerning ... categories and subject matters" relating to, *inter alia*, Bayer Schering's corporate structure and business practices as "Attorneys for Defendant Bayer Schering Pharma AG."  Dkt. Nos. 35-36; Ex. 10.

Finally, the individual designated by Bayer Pharma as "the person most knowledgeable" to testify in response to the Bayer Pharma corporate representative deposition notice (Keith Abrams) is Bayer Corporation's vice president, associate general counsel, and assistant secretary for Bayer Corporation.  Ex. 13 at p. 1 (Abrams Depo., 10:10-21, 14:2-10).  He is employed and paid by Bayer Corporation and reports directly to Bayer Corporation's chief legal officer.  Ex. 13 at p. 1 (Abrams Depo., 4:13-14, 5:22 – 6:7, 11:7-11, 11:16 – 12:3).  Mr. Abrams has on two occasions certified interrogatory answers served on behalf of Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare LLC.  Ex. 20, Abrams' certification of Answering Bayer Defendants' interrogatories.  According to those certifications, he is also assistant secretary for Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC.[13]  *Id.*  Given the overlap in corporate structure, the commonality of legal counsel, the objections to the Bayer Pharma notice and proffer of a Bayer Corporation witness in Bayer Pharma's stead, Bayer Corporation can reasonably be expected to provide notice of the suit to Bayer Pharma.  As a practical matter, of course, all of this is a purely academic exercise that has nothing to do with notice.  Bayer Pharma already has notice of the suit and is paying the same attorneys to pursue technical objections to service.

---

[13] Despite these certified statements in response to interrogatories, Abrams identified only Bayer Corporation as his employer during the deposition and insisted that "in our corporate structure you can have only one employer."  Ex. 13 at p. 1 (Abrams Depo., 4:13-14, 76:11-15).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

**2.      The Parties' business arrangement provides Bayer Pharma with substantially the business advantages it would enjoy if it conducted its U.S. business through its own offices and agents.**

*a.      Bayer Corporation's wholly-owned subsidiary (Bayer Healthcare Pharmaceuticals, Inc.) distributes Bayer Pharma's product in the United States.*

Prior to 2003, Bayer Corporation was the sole U.S. entity engaged in the marketing and sale of Bayer pharmaceutical products, including Avelox.  Ex. 13 at p. 2 (Abrams Depo., 53:15 – 54:8, 59:14 – 60:8).   In January 2003, the pharmaceutical division of Bayer Corporation became a separate entity, Bayer Pharmaceuticals Corporation, which then became the entity Bayer Healthcare Pharmaceuticals, Inc.  Ex. 13 at p. 2 (Abrams Depo., 53:15 – 54:8, 55:22 – 56:7).  Today, Bayer Healthcare Pharmaceuticals, Inc., through Bayer Healthcare LLC and its subsidiary Schering Berlin, Inc., is a wholly owned subsidiary of Bayer Corporation.  *Id*.; *see also* Abrams Depo., 80:24 – 81:15, 82:9-18.

Bayer Pharma – the global manufacturer Avelox – sells its pharmaceutical products to Bayer Healthcare Pharmaceuticals, Inc. which, in turn, conducts the sales function for Bayer's U.S. pharmaceutical business.  Ex. 13 at p. 2 (Abrams Depo., 23:9-24, 45:9 – 47:3, 73:11-23, 75:2-5, 79:3-6).  Put simply, Bayer Corporation's wholly-owned subsidiary sells Bayer Pharma's product in the U.S., providing Bayer Pharma with substantially the business advantages it would enjoy if it conducted its U.S. business through its own offices and agents instead of an affiliated company that it controls.

*b.      Bayer Corporation's President oversees supply and distribution of Bayer Pharma's pharmaceutical products in the United States.*

Bayer Corporation not only provides Bayer Pharma with U.S.-based services through its wholly-owned subsidiary — it directly guides and oversees those services.  Specifically, Bayer Corporation's president, Phil Blake, serves as Bayer's sole head of Bayer's U.S. pharmaceutical business.  Ex. 13 at p. 3 (Abrams Depo., 92:12-16, 93:12-15, 95:9-13).   Bayer Corporation's president oversees all of the U.S.-based Bayer entities' U.S. pharmaceuticals business activities, including supply and distribution activities—*i.e.*, the supply and distribution of Bayer Pharma

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

products such as Avelox.  Ex. 13 at p. 3 (Abrams Depo., 93:16 – 94:5, Abrams tesstimony that Blake "has responsibility for guiding the pharmaceutical business activities in the United States").  In carrying out his "broad" responsibilities, Bayer Corporation's president communicates and coordinates with his colleagues at both sister-company Bayer Pharma (the seller of the product) and subsidiary-company Bayer Healthcare Pharmaceuticals, Inc. (the direct buyer of the product).  Ex. 13 at p. 3 (Abrams Depo., 91:25 – 92:16, 94:6-15, 95:14 – 96:17).  Individuals at Bayer Healthcare Pharmaceuticals, Inc. communicate with Bayer Corporation's president regarding their day-to-day activities and provide updates to Bayer Pharma regarding profit and business activities.  Ex. 13 at p. 3 (Abrams Depo., 95:14 – 96:17).

Bayer Corporation's president oversees and guides the supply of its sister-company Bayer Pharma's product to its subsidiary for U.S. distribution.  In doing so, he communicates and coordinates with his colleagues at both entities.  As a result of Bayer Corporation's U.S. activities, Bayer Pharma is granted substantially the business advantages it would enjoy if it conducted its U.S. business through its own offices and agents.

   *c.* *Bayer Corporation provides legal assistance and business services to Bayer Healthcare Pharmaceuticals, Inc. for the purchase and procurement of Bayer Pharma's pharmaceutical product.*

Bayer Corporation also provides its subsidiary Bayer Healthcare Pharmaceuticals, Inc. (*i.e.*, the functional distributor of Bayer Pharma's product in the U.S.) with legal assistance for the purchase and procurement of Bayer Pharma product.  Prior to January 2014, Bayer Healthcare Pharmaceuticals, Inc. maintained an independent internal legal department involved in the procurement of product from Bayer Pharma.  Ex. 13 at p. 3 (Abrams Depo., 60:9 – 61:7, 73:24 – 74:18, 75:24 – 76:10).  As early as January 2014 (*i.e.*, before Plaintiff's service on Bayer Pharma through Bayer Corporation), the Bayer Healthcare Pharmaceuticals, Inc. lawyers became Bayer Corporation employees and, as such, continue to provide legal assistance for the purchase and procurement of Bayer Pharma product, including with respect to review of contracts and

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

**16**

1    regulatory matters.[14]  Ex. 13 at p. 3 (Abrams Depo., 60:9 – 61:7, 73:24 – 74:18, 75:24 – 76:10, 79:21

2    – 80:12).

3          Again, this arrangement—whereby Bayer Corporation, both itself and by and through its

4    wholly-owned subsidiary—provides Bayer Pharma with substantially the business advantages it

5    would enjoy if it conducted its U.S. business through its own offices and agents.

6          *d.*    *Bayer Corporation provides myriad other services to Bayer Pharma's U.S.-based*
              *distributor.*
7

8          Bayer Corporation also performs numerous other critical business functions for the U.S.

9    distributor of Bayer Pharma's product, Bayer Healthcare Pharmaceuticals, Inc., including:

10         •  accounting, tax, treasury, communications, public policy and affairs, human
              resources, procurement (including procurement of labor), mergers and acquisitions,
11            and internal audits;

12         •  internal and external communications, interactions with government organizations,
              and healthcare alerts and communications;
13

14         •  publishes a consolidated financial statement for all its subsidiaries, including Bayer
              Healthcare Pharmaceuticals, Inc.; and

15         •  serves as the central registry for all key financial accounting and reporting for the
              U.S.-based Bayer entities, ***including accounting for the financial exchange between***
16            ***Bayer Pharma and Bayer Healthcare Pharmaceuticals, Inc. when the latter***
              ***purchases the former's pharmaceutical product for sale in the United States***.
17

18   Ex. 13 at pp. 3-4 (Abrams Depo., 61:8 – 65:10, 67:6-23, 75:2 – 77:4).  Apparently, Bayer Corporation

19   also provides corporate representatives to testify on Bayer Pharma's behalf in U.S. lawsuits.

20         Under these facts, Bayer Corporation is the general manager of Bayer Pharma for service.

21   Indeed, without Bayer Corporation performing these functions for Bayer Healthcare

22   Pharmaceuticals Inc., and Bayer Corporation President's role as "head of U.S. pharmaceuticals,"

23   Bayer Pharma products would not be circulated in the Unites States.  *See Khachatryan v. Toyota*

24   *Motor Sales, U.S.A., Inc.* 578 F. Supp. 2d 1224, 1227 (C.D. Cal. 2008) (Toyota America, a distributor,

25   _____
     [14] Mr. Abrams—a Bayer Corporation employee—also trained Bayer Pharma employees at the Bayer Pharma site in
26   Berlin regarding the U.S. legal system, and also, from time to time, communicates with German-based lawyers who
     provide legal advice and services to Bayer Pharma.  Ex. 13 at p. 4 (Abrams Depo., 71:13 – 72:11).

27   **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
     SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG
     AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**
28

held to be a "general manager" for Toyota Japan as its relationship with Toyota America gives it the business advantages that it would have enjoyed if it conducted business in U.S.); *Gray v. Mazda Motor of America*, 560 F. Supp. 2d 928, 931 (C.D. Cal. 2008) (distributor a "general manager" for manufacturer located in Japan because the parties' relationship gave foreign manufacturer "substantially the business advantages that it would have enjoyed if it conducted business in the state itself"); *Brighton Collectibles, Inc. v. Winston Brands*, 2013 WL 394060, at *7 (S.D. Cal. Jan. 30, 2013) (domestic entity a "general manager" of Hong Kong manufacturer even though it "may not sell the product at issue" because it provides the foreign entity "an open channel for the regular flow of business from the foreign entity into California"); *Rockwall Automation, Inc. v. Kontron Modular Computers*, 2012 WL 5197934, at *4 (S.D. Cal. Oct. 19, 2012) ("[G]eneral managers may be domestic distributors, salesmen or advertisers, or customer service liaisons of foreign manufacturers—even if the foreign-domestic relationship is 'casual' or 'non-exclusive'—so long as the domestic entity provides the foreign entity an open channel for the regular flow of business."); *Troll Busters LLC v. Roche Diagnostics GmbH,* 2011 WL 3859721, at *5 (S.D. Cal. Aug. 31, 2011) (domestic sister-company of German manufacturer a "general manager" because the parties are "acting under the umbrella of a holding company, "do business under the same name and share the same website," and domestic entity acts as "domestic operating arm" of German entity); *Halo 8 II Elecs., Inc. v. Bel Fuse Inc.*, 2010 WL 2605195, at *6-7 (N.D. Cal. June 28, 2010) (domestic entity a "general manager" of British manufacturer because it provides the foreign entity with "the opportunity for regular contact with United States customers and a channel for a continuous flow of business into the United States"); *Cosper v. Smith and Wesson Arms Co.*, 53 Cal. 2d 77, 83-84 (Cal. 1959) (non-exclusive sales distributor a "general manager" for foreign manufacturer because it provided opportunity for "regular contact with its customers and a channel for a continuous flow of business into the state"); *Yamaha Motor Co., Ltd. v. Superior Court*, 174 Cal. App. 4th 264, 274 (Cal. App. 4 Dist. 2009) ("If it was reasonably certain that a relatively casual sporting goods

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

representative would apprise the 'foreign' manufacturer of service in Cosper, it is doubly reasonably certain Yamaha–America will apprise Yamaha–Japan of any service in California.").

**B.      Alternate Service on Defendants' Counsel and Request for Extension of Time**

In the unlikely event the Court finds the close relationship between Bayer Corporation and Bayer Pharma insufficient to support service of process, Plaintiff requests that the Court authorize service on Bayer Pharma through service on Defendants' common lead counsel, Goodell Devries Leech & Dann, LLP and requests a limited amount of additional time to effect that alternate service.

Rule 4 permits service in a place outside of the United States by any "means not prohibited by international agreement, as the court orders."  FED. R. CIV. P. 4(f)(3).  The Ninth Circuit has held:

> As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement.  *No other limitations are evident from the text*.  In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country.

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1014 (9th Cir. 2002) (emphasis added). District courts have the discretion to "determin[e] when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."  *Id*. at 1016.   Service should not offend due process, which requires that "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id*.  "Court-ordered service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'  It is merely one means among several which enables service of process on an international defendant." *Vanleeuwen v. Keyuan Petrochemicals, Inc*., 2012 WL 5992134 at *1 (C.D. Cal. Nov. 30, 2012).

The Central District considers three factors when analyzing whether to order alternate service on a foreign defendant: first, whether the "particularities and necessities" of the case require alternative service; second, whether the proposed form of service is prohibited by international agreement; and third, whether service on counsel in the United States comports with

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

due process requirements. *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2012 WL 5992134 at *1 (C.D. Cal. Nov. 30, 2012) (ordering alternate service on counsel due to difficulties associated with effecting service in China); *Brown v. China Integrated Energy, Inc.,* No. 11–2559-MMM (PLAx), 2012 WL 2913537, at *1–4 (C.D. Cal. July 17, 2012).

1. **The particularities and necessities of the case require alternative service.**

Court-ordered service under Rule 4(f)(3) is equal with other forms of service. *Rio Props.,* 284 F.3d at 1016. A plaintiff requesting an order pursuant to Rule 4(f)(3) need not prove that other methods of service have been impossible or unduly burdensome, though courts in this jurisdiction have typically granted Rule 4(f)(3) motions when plaintiffs have shown some measure of difficulty in effecting service by usual means. *Vanleeuwen,* 2012 WL at *1; *Rio Props.,* 284 F.3d at 1016 (concluding that service under Rule 4(f)(3) was appropriate when plaintiff had proven its "inability to serve an elusive international defendant"); *Brown,* 2012 WL 2913537, at *1–4 (permitting service under Rule 4(f)(3) when plaintiffs had been unable to locate the foreign defendants after conducting an independent investigation and requesting the necessary information from counsel for the company affiliated with defendants).

Here, Plaintiff has diligently attempted to effect service through the Hague Convention for the last seven months without success. *See* Exs. 3-5; Dkt. No. 38.  In addition to the difficulties experienced in serving the Defendant through the Hague Convention, Bayer Pharma has not cooperated with Plaintiff in his efforts to gain jurisdictional discovery from the Defendant despite this Court's Order[15].  For example, Defendants intentionally chose to present an unprepared Bayer

---

[15] Plaintiff contends that an adverse inference is warranted given Defendants' failure to permit the jurisdictional discovery referred to in this Court's Order. "If a party … fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may … [direct] that … designated facts be taken as established for purposes of the action, as the prevailing party claims."  FED. R. CIV. P. 37(b)(2)(A)(*i*; *see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (holding sanctions can be used to establish jurisdiction over a defendant); *Guifu Li v. A Perfect Day Franchise, Inc.,* 281 F.R.D. 373, 393 (N.D. Cal. 2012) (deeming facts regarding corporate structure as established for trial as a sanction for discovery abuses); *General Atomic Co. v. Exxon Nuclear Co., Inc.,* 90 F.R.D. 290, 308 (S.D. Cal. 1981) (designating facts presumed and precluding defendants from using withheld discovery to rebut the presumed facts as sanction for discovery abuses).

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

Corporation employee (not a Bayer Pharma witness) for deposition on service related issues. In fact, Mr. Abrams:

- is not employed by Bayer Pharma in any capacity, Ex. 13 at p. 4 (Abrams Depo., 5:22 – 6:7, 6:13-15, 11:12-15);

- was not authorized by Bayer Pharma to appear on its behalf, Ex. 13 at p. 4 (Abrams Depo., 5:22 – 6:12, 9:19 – 10:2);

- did not speak with anyone at Bayer Pharma in preparation for the deposition, Ex. 13 at p. 5 (Abrams Depo., 6:20-25, 10:3-9, 10:22 – 11:6);

- has never worked for Bayer Pharma, Ex. 13 at p. 4 (Abrams Depo., 6:16-19);

- "rarely" interfaces with individuals at Bayer Pharma, Ex. 13 at p. 4 (Abrams Depo., 71:9-12);

- testified he "may or may not have information regarding Bayer Schering Pharma AG," Ex. 13 at p. 4 (Abrams Depo.,5:22 – 6:7);

- did not know the identities of any management-level individuals or personnel at Bayer Pharma, Ex. 13 at p. 6 (Abrams Depo., 108:18 – 109:2);

- did not know the identity of any individual at Bayer Pharma who could testify to the myriad of topics and issues that Abrams was unable to testify about, Ex. 13 at p. 6 (Abrams Depo., 108:10-17);

- did not know whether Bayer Pharma has an attorney engagement agreement with Defendants' counsel, Ex. 13 at p. 6 (Abrams Depo., 97:18-21);

- did not know whether a purported rejection of service of process on Bayer Pharma was sent by Bayer Corporation's registered agent to Plaintiff's counsel, Ex. 13 at p. 6 (Abrams Depo., 109:6 – 111:6);[16] and

- did nothing to prepare to testify regarding several key noticed deposition topics, including those directly related to the jurisdictional/service issues at hand, Ex. 10 and Ex. 13 at p. 5 (Abrams Depo., 98:3-8, 98:19 – 99:11, 100:20 – 104:2):

  o   topic no. 14: when and how Bayer Pharma first learned of the lawsuit, including the identity of the individual who apprised Bayer Pharma that the lawsuit and citation had been delivered to Bayer Corporation[17];

---

[16] See Dkt. No. 43 at n.2 (Defendants' claim a rejection of service of process was transmitted to Plaintiff's local counsel but have not presented any testimony, from Abrams or otherwise, substantiating such claim).

[17] This topic is one of the two central issues for the Court to decide under the "general manager" analysis. See pp. 12-18, above. Without a witness prepared to testify on this directly relevant corporate representative topic, how can Plaintiff challenge the Defendant's assertion that "more significantly, Bayer Corporation did not notify Bayer Schering Pharma AG of the Complaint and other documents purportedly served"? See Dkt. No. 43 at p. 6, Defendant's Reply in

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

      ○   <u>topic no. 11:</u> whether Bayer Pharma has been served with citation through any of its U.S. affiliates in the past and, if so, the identities of those U.S. affiliates;

      ○   <u>topic no. 13:</u> the name and cause number, of each case in the last 10 years where Bayer Pharma agreed to accept service or was ordered by a Court to receive substitute service;

      ○   <u>topic no. 10:</u> whether Bayer Pharma uses its U.S. affiliates to produce or market drugs in the U.S. that are developed, manufactured or sold by Bayer Pharma; and

      ○   <u>topic no. 16:</u> the basis for Bayer Pharma's refusal to accept service in this case.

The record in this case is replete with evidence of the artificial barriers thrown up by Defendants to make it difficult or impossible for Plaintiff to serve Bayer Pharma by traditional means, or to gather jurisdictional information needed to timely respond to the Court's Order. Under these facts, the "particularities and necessities" of this case favor alternate service.

**2.      Service is not prohibited by international agreement.**

Plaintiff is not restricted to the Hague Convention with respect to service on Bayer Pharma. Indeed, the Hague Convention does not apply to service effected within the United States, such as when "service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Volkswagenwerk v. Schlunk*, 486 U.S. 694, 707 (1988) (holding U.S. service on related U.S. entity lawful and that Hague Convention's methods of service are not implicated where the foreign defendant was served domestically); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2012 WL 5992134 at *1 (C.D. Cal. Nov. 30, 2012) (permitting service on Chinese company's U.S. attorney over objection that the Hague Convention was implicated). Instead, California and federal law provide several alternative methods for service of process. *See* Cal. Code of Civ. P. 416.10 ("A summons may be served ...by ***any*** of the following methods"); Fed. R. Civ. P. 4(e) ("an individual ... may be served ... by following state law ... ***or*** doing ***any*** of the following"); *Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1102-03 (N.D. Cal. 2009) (detailing multiple methods of service

Support of Motion to Dismiss.  Indeed, Defendants have refused to respond to written discovery on this same, vitally relevant topic. *See, e.g.,* Ex. 15 at req. nos. 4-7.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

1   attempted in serving evasive defendants).  Plaintiff is entitled to pursue service on a parallel track –

2   *i.e.,* both abroad and in the United States.

3   **3.       The proposed service comports with due process.**

4           The essence of due process is notice and an opportunity to be heard.  Defendants cannot

5   reasonably dispute that service on the lead counsel that Bayer Pharma shares with the other

6   Defendants in this case is not "reasonably calculated, under the circumstances, to apprise [Bayer

7   Pharma] of the pendency of the action and afford [him] an opportunity to respond to present [his]

8   objections."  *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  Indeed,

9   given it retained counsel in the United States, filed a Motion to Dismiss, objected to Plaintiff's

10  deposition notice of its purported corporate representative, and filed (untimely) objections to

11  written discovery, Bayer Pharma is already well aware of the instant lawsuit.

12          Further, numerous courts in this district have concluded that a plaintiff may properly serve

13  a foreign defendant by effecting service on the domestic counsel or registered agent for a company

14  in which the defendant is an officer or director. *See, e.g., In re China Educ. Alliance, Inc. Sec. Litig.,*

15  No. 10–9239-CAS (JCx), 2011 WL 6846214, at *2–3 (C.D. Cal. Dec. 29, 2011) (finding service on

16  company's registered domestic agent sufficient for service on foreign directors of the company);

17  *Rose v. Deer Consumer Prods., Inc.*, No. CV 11–03701 DMG (MRWx), 2011 WL 6951969, at *2 (C.D.

18  Cal. Dec. 29, 2011) ("[T]he Court finds that service of the Individual Defendants by service on Deer

19  [C]onsumer's registered agent for service of process comports with the constitutional notions of

20  due process and is appropriate under the circumstances."); *Brown v. China Integrated Energy, Inc.*,

21  285 F.R.D. 560, 562-63 (C.D. Cal. 2012) (authorizing service on evasive international defendants

22  through counsel representing the company for which they were officers); *Guifu Li v. A Perfect Day*

23  *Franchise, Inc.*, 281 F.R.D. 373, 388-89 (N.D. Cal. 2012) (authorizing service on an elusive

24  international defendant through the United States office of the company he allegedly owned);

25  *Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511, 2013 WL 5142362 at *2 (C.D. Cal. Sept. 12, 2013)

26  (authorizing service on unserved foreign individuals through counsel for individuals' employer); *In*

27  PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
    SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG
28  AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE

1  *re LDK Solar Sec. Litig.*, No. C 07-05182, 2008 WL 2415186 at *1, *3 (N.D. Cal. June 12, 2008)

2  (authorizing service of six international corporate and individual defendants through the California

3  office of the corporate United States subsidiary).

4      Counsel's active involvement in this case on behalf of both Bayer Pharma and the remaining

5  Bayer Defendants "makes it all but certain that when [he is] served through the company's counsel

6  or its agent, [he] will receive notice of the suit." *See Brown v. China Integrated Energy, Inc.*, 285

7  F.R.D. 560, 566 (C.D. Cal. 2012).  Under the facts above, service on Defendants' common lead

8  counsel, Goodell Devries Leech & Dann LLP, comports with due process and is an appropriate

9  means of service on Bayer Pharma.

10                  **IV.**       **REQUEST FOR RELIEF**

11      Plaintiff respectfully requests that the Court Order Defendant Bayer Pharma AG f/k/a Bayer

12  Schering Pharma AG properly served through its general manager Defendant Bayer Corporation.  In

13  the alternative, Plaintiff requests an Order granting Plaintiff a reasonable time period of time to

14  serve Defendant Bayer Pharma AG f/k/a Bayer Schering Pharma AG through its legal counsel,

15  Goodell Devries Leech & Dann, LLP.

16

17

18

19

20

21

22

23

24

25

26

27  **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

28

1

**PROOF OF SERVICE**

2

I, Connor Sheehan, declare as follows:

3

4

I am employed in the County of Dallas, State of Texas, I am over the age of eighteen years and am not a party to this action; my business address is 3400 Carlisle Street, Suite 200, in said County and State. On June 25, 2014, I served the following document(s):

5

6

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION DEEMING SERVICE EFFECTIVE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE AND MOTION FOR EXTENSION OF TIME; DECLARATIONS OF CONNOR SHEEHAN, ESQ. AND NELSON TUCKER; APPENDICES OF EXHIBITS; MEMORANDA OF LAW; PROPOSED ORDER**

8

on the parties stated below, by the following means of service:

9

10

11

| Thomas J. Cullen, Jr., Esq. | Michael C. Zellers, Esq. |
|---|---|
| Kali A. Enyeart, Esq. | Joshua J. Wes, Esq. |
| Goodell, DeVries, Leech & Dann, LLP | Tucker Ellis LLP |
| One South Street, 20th Floor | 515 South Flower Street, 42nd Floor |
| Baltimore, Maryland 21202 | Los Angeles, CA 90071-2223 |

12

13

14

15

16

17

☐      **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Santa Monica, California.

18

19

☑      **BY ELECTRONICALLY VIA ECF:**  I served the above-entitled document electronically through the United States District Court's ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

20

21

22

☐      **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier, all fees prepaid, and addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope or package for collection and overnight delivery at an office or regularly utilized dropbox of the overnight delivery company.

23

☑      I am employed in the office of Dunn Sheehan, LLP, a member of the bar of this court, and that the foregoing document(s) was (were) printed on recycled paper.

24

25

☐      (STATE)       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

☑      (FEDERAL)       I declare under penalty of perjury that the foregoing is true and correct.

27

28

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SERVICE ON DEFENDANT BAYER PHARMA AG F/K/A BAYER SCHERING PHARMA AG AND, ALTERNATIVELY, REQUEST FOR ALTERNATE SERVICE**

Executed on June 25, 2014

/s/ Connor G. Sheehan
Connor G. Sheehan